Byron G. Martin (#8824)
Brooklyn R, Lindsey (#19600)
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
bmartin@strongandhanni.com
blindsey@strongandhanni.com
*Attorneys for Liberty Mutual Personal Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MICHAEL J. DIBENARDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, a corporation,<br><br>Defendant. | **~~[PROPOSED]~~ ORDER OVERRULING PLAINTIFF'S OBJECTION AND ACCEPTING MAGISTRATE JUDGE PAUL KOHLER'S REPORT AND RECOMMENDATION**<br><br>(State Court Civil No. 260700012)<br><br>Case No. 4:26-cv-00063-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

The Report and Recommendation issued by United States Magistrate Judge Paul Kohler on July 30, 2026 recommends that the Court deny Plaintiff's Motion to Remand.

The Magistrate Judge reasoned that Plaintiff's Motion to Remand should be denied because Plaintiff misidentified Defendant by attempting to serve his initial complaint on Liberty Mutual Insurance Company, the wrong corporate entity. The proper Defendant, Liberty Mutual Personal Insurance Company, was not served until May 21, 2026. Accordingly, Defendant's removal on June 8, 2026 was timely.

Furthermore, the Magistrate Judge rejected Plaintiff's argument that a default judgment from March 2026 had matured against Defendant. The argument was rejected because "no default was entered before removal, nor could it have been" because service on Defendant occurred on May 21, 2026.

The parties were notified of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Plaintiff filed an objection to the Report and Recommendation on August 12, 2026 along with a declaration in support of his objection.

While the objection addresses issues beyond the Magistrate Judge's Report and Recommendation, it claimed to be narrowly grounded on the distinction between misnomer and misidentification. In the objection, Plaintiff argues that his initial complaint being filed against Liberty Mutual Insurance Company instead of Defendant was only wrong in that it listed the wrong name because, in his view, service rendered to one "Liberty Mutual Company" applies to all of its subsidiaries and affiliates. Further, Plaintiff argues that by using the shortened definition "Liberty Mutual" in filings before this Court, and by using "Liberty Mutual Insurance" in regulatory letter responses, Defendant identifies themselves as the same company as Liberty Mutual Insurance Company. Plaintiff also argues that the "relation back" doctrine under Rule 15 of the Federal Rules of Civil Procedure should apply because Defendant was on notice of the action. He also contends that CT Corporation was authorized to accept service of process.

Having reviewed Plaintiff's objection and the Report and Recommendation pursuant to Rule 72(b)(3), Plaintiff's objections are overruled. The Magistrate Judge correctly determined that the Motion to Remand should be denied. The Court finds that Defendant was neither sued nor

served with process through an authorized agent until May 21, 2026. Since Defendant removed to this Court on June 8, 2026 (within 30 days of proper service), Defendant's removal was timely.

Accordingly, Plaintiff's objection to Magistrate Judge Kohler's Report and Recommendation is OVERRULED, and Magistrate Judge Kohler's Report and Recommendation is ADOPTED. The Court DENIES Plaintiff's Motion to Remand.

Signed September 3, 2026.

BY THE COURT

Ann Marie McIff Allen
United States District Judge